MARIA L. TAYLOR, by her next friend, *vs.* JOHN W. SLATER, Executor, *et als.*

Pub. Stat. R. I. cap. 204, § 28, provides that the representative of a deceased joint debtor may be charged as if the debt was several, provided "the plaintiff shall first pursue the surviving debtor to final judgment and execution."

*Held*, under this statute, that neither the insolvency of the surviving debtors, nor the fact that the debtor was a firm in which the plaintiff's husband was a partner, excused the performance of the above proviso requiring judgment and execution against the surviving debtors.

Hence a bill in equity to enforce payment from the estates of deceased partners, without first obtaining judgment and execution against the surviving ones, cannot be maintained.

BILL IN EQUITY for an account, and to enforce payment of a promissory note. On demurrer to the amended bill.

After the opinion printed 16 R. I. 86, 89, the complainant amended her bill by permission of the court, and the respondents again demurred.

*July* 23, 1892. PER CURIAM. The bill in this case seeks to obtain payment of two promissory notes, given by a firm in which the complainant's husband was a partner, from the estate of deceased partners. On demurrer to the bill the question comes whether the bill can be sustained. Pub. Stat. R. I. cap. 204, § 28, is as follows : " The representative of one jointly bound with another for the payment of any debt, or for performance or forbearance of any act, or for any other thing, and dying in the lifetime of the latter, may be charged by virtue of such obligation in the same manner as such representative might have been charged if the obligors had been bound severally as well as jointly : *provided*, that the plaintiff shall first pursue the surviving debtor to final judgment and execution."

The complainant contends that by the insolvency of the surviving debtors, which appears in the bill, and her disability to bring suit against her husband, she is excused from pursuing the surviving debtors to judgment and execution. Independently of a statute like ours, we think this position is sustained by authority. Many States have statutes similar to ours without the proviso. See Stimson, Amer. Stat. Law, § 4113. In such States, as also in England, the debt may be proved at once against the estate of the deceased. But the statute of this State seems to be peculiar in having the proviso. Its terms are direct and explicit. It does not call for construction nor leave room for exception. We cannot, therefore, adopt the complainant's view without legislating an exception into the statute which we have no authority to do. The fact that it can do no good to pursue an insolvent debtor is a con-

sideration which cannot move the court against the express terms of the statute. But it is urged that the statute cannot be intended to require an impossibility, and, as the complainant cannot sue her husband at law, it cannot, therefore, apply to her. In this State a married woman may sue through a trustee. Pub. Stat. R. I. cap. 166, § 18.

We do not undertake to say what the law of Illinois is in this respect, but it seems from the language of Mr. Justice Breese in *Emerson* v. *Clayton*, 32 Ill. 493, that she can sue her husband in that State. However this may be, in view of the requirement of the statute we think the demurrer must be sustained.

*Demurrer sustained.*

*John F. Lonsdale & Walter H. Barney,* for complainant.

*Charles P. Robinson,* for respondents.